José López Quiles, demandante y apelado, *v.* Rafael Ramírez Seda, demandado y apelante.

Núm. 7158.—*Sometido:* Diciembre 17, 1936. *Resuelto:* Noviembre 3, 1937.

*R. Ramírez Pabón*, abogado del apelante; *F. Prieto Azúar*, abogado del apelado.

El Juez Asociado Señor Wolf emitió la opinión del tribunal.

José López Quiles fué arrollado por el automóvil del demandado mientras cruzaba la Avenida Ponce de León. El accidente tuvo lugar el 24 de diciembre de 1933, a las cinco de la mañana, cuando el demandante se encontraba parado a unos cuantos pies de la acera, de espaldas a la calle. Se

radicó una demanda de daños y perjuicios por la suma de $4,910. Celebrado el juicio la Corte de Distrito de San Juan dictó sentencia en favor del demandante por $1,210 y es de esa sentencia que proviene el presente recurso de apelación.

El primer señalamiento de error dice:

"La corte erró al concluir que el apelado sufrió fuertes contusiones en el lado derecho de la cara, en la cadera izquierda y en el tórax y la fractura de los maleolos internos y externos del pie derecho."

La expresión de la corte inferior contenida en el segundo párrafo de su opinión, y que ha sido transcrita en el primer error, es un resumen exagerado de los daños sufridos por el demandante, si aceptamos, como tenemos que hacerlo, el testimonio del propio doctor del demandante. Este caracterizó las contusiones faciales como leves y dijo que no había habido fractura de ninguno de los huesos del tobillo izquierdo. Hay una discrepancia entre la conclusión de la corte y el testimonio del doctor en cuanto al pie que fué estropeado, pero no la consideramos importante. Aunque la corte no estuvo justificada en hacer la afirmación ya referida, no parece haber desempeñado un papel muy importante, por cuanto en la misma opinión más tarde se le da énfasis a la artritis del tobillo lesionado como resultado del accidente. De acuerdo con el médico, fué esta artritis la que en realidad incapacitó provisionalmente al demandante. El primer señalamiento, por tanto, no exige la revocación.

El segundo señalamiento se refiere a la negligencia del chófer y la velocidad a que se conducía el automóvil. En lo que concierne a la negligencia del chófer del demandado, Juan Mayor Martínez, todo lo que tenemos que decir es que las declaraciones de los testigos del demandante fueron lo suficientemente robustas y convincentes para justificar la conclusión de la corte. Los testigos del demandado no nos convencen y el testimonio de su testigo principal, un policía llamado Lorenzo Feijoo, es sumamente débil. Él declaró bajo juramento que había estado presente en el sitio del accidente

y que el conductor del vehículo caminaba a una velocidad moderada, tenía sus luces encendidas y tocó su bocina cuando ocurrió el accidente. Al ser contrainterrogado, sin embargo, admitió que había jurado una denuncia, por información y creencia contra dicho chófer por guiar con las luces apagadas y sin tocar bocina. No podemos resolver que la corte estuviese obligada a darle crédito.

██ El tercer señalamiento es el más importante. El mismo dice:

"La corte erró al resolver que la contestación del apelante, dada la forma en que está redactada, admite los hechos alegados en la demanda."

El apelante sostiene que la corte inferior, por haber dejado de negarlos, consideró todos los hechos de la demanda como admitidos. Empero, los autos en sí demuestran que solamente con relación a la suma *gastada* en medicinas por el demandante y con lo que él dejó de ganar como comisionista, fué que no se introdujo evidencia. Estas dos alegaciones, claramente mencionadas en la demanda, fueron la exposición de hechos últimos y determinables y surgió el deber de negarlas específicamente. La omisión de así hacerlo equivalió a la admisión de su veracidad y obvió la necesidad de su prueba. Además el demandante durante el juicio, conforme indicó la corte en su opinión, dijo que la contestación no negaba la alegación relativa a sus ganancias y gastos por medicinas y por consiguiente las admitía. Aún en ese estado del caso el demandado tuvo una oportunidad de pedir permiso a la corte para enmendar su contestación. Bajo estas circunstancias somos de parecer que la corte no cometió el tercer error.

El cuarto error lee como sigue:

"La corte erró al concluir que hubo una preponderancia de prueba en favor del apelado y al considerar que la ley está a favor del apelado y en contra del apelante."

Hemos leído cuidadosamente. la transcripción de la evidencia y somos definitivamente del criterio de que la clara preponderancia de la prueba favoreció al demandante. El cuarto error no existe.

██ En lo que respecta a lo excesivo·de la indemnización concedida, nos inclinamos a creer que la cantidad de $500 por un tobillo dislocado, cuando el demandante ha tenido que caminar en muletas por tres o cuatro meses, no es demasiado alta, y no estamos dispuestos a intervenir con el estimado hecho por la corte inferior a este respecto.

*La sentencia apelada debe ser confirmada.*

Los Jueces Presidente Señor del Toro y Asociado Señor Córdova Dávila no intervinieron.